**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CR. No. C-09-945-1 |
| | § | |
| **MARTHA S. OROZCO-HERNANDEZ** | § | |

### ORDER DENYING MOTION FOR DOWNWARD DEPARTURE

Pending before the Court is Martha Orozco-Herndandez' motion for downward departure pursuant to § 3E1.1, note 1(G) of the United States Sentencing Guidelines, based upon her post-conviction rehabilitation. (Dkt. No.19.)

Orozco-Hernandez was convicted after her guilty plea to possession with intent to distribute 6 kilograms of cocaine. (Dkt. No. 17.) She was sentenced to 46 months imprisonment, a below Guideline sentence. Orozco-Hernandez now claims that her extraordinary efforts towards rehabilitation while in prison allow the Court to reduce her sentence. She cites various cases and provisions of the Sentencing Guidelines in support of her position. However, none of the authority she cites permits the Court to resentence her.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.' 18 U.S.C. § 3582(c)." *Freeman v. United States*, —U.S.—, 131 S. Ct. 2685, 2690 (2011); *Dillon v. United States*, — U.S. —, 130 S.Ct. 2683, 2687 (2010); *United States v. Garcia*, 606 F.3d 209, 214 (5th Cir. 2010) ("A § 3582(c)(2) proceeding is not a full resentencing . . ."). 18 U.S.C. § 3582(b) authorizes a court to modify a previously imposed sentences in a limited number of circumstances. *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are as follows: 1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); 2) under Rule 35 of the Federal Rules of Criminal Procedure; and 3) when the sentencing range under which the

1

defendant was sentenced has been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. *See* 18 U.S.C. § 3582(c). Moreover, the sentencing at issue in these circumstances is not a plenary resentencing, but is circumscribed by the reduction authorized by the revision to the Sentencing Guidelines. *Dillon*, 130 S.Ct. at 2692.

This Court may also resentence a defendant if her sentence has been vacated on direct appeal or through a successful motion pursuant to 28 U.S.C. § 2255. *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011); *see also United States v. Cardona*, 2011 WL 1228784 at *3 (5th Cir. Apr. 4, 2011) (assuming but not deciding that a sentence vacated pursuant to § 2255 may result in a plenary resentencing).

Orozco-Hernandez claims that this Court may resentence her based upon Rule 47 of the Federal Rules of Criminal Procedure. Rule 47 does not grant authority for resentencing, but instead is a general rule governing motions filed in a criminal case. The provision of the Sentencing Guidelines cited by Orozco-Hernandez permits a court considering a downward adjustment for acceptance of responsibility to consider <u>post-offense</u> (rather than post-conviction) rehabilitative conduct. U.S.S.G. § 3E1.1, note 1(G) (2011). This provision does not authorize the court to vacate Orozco-Hernandez' sentence and resentence her. Orozco-Hernandez' sentence has not been challenged either by appeal or by motion pursuant to § 2255, much less vacated.

Although the Court commends Orozco-Hernandez' efforts towards rehabilitation, the Court may not adjust her sentence. The motion (Dkt. No.19) is therefore **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 27th day of July, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE