IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. No. C-09-945-1 |
| | § | |
| MARTHA S. OROZCO-HERNANDEZ | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is Martha Orozco-Hernandez' motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). D.E. 21. The Court **DENIES** the motion.

Orozco-Hernandez  was sentenced to 48  months in the Bureau of Prisons in March 2010 based upon her guilty plea to the charge of possession with intent to distribute 6 kilograms of cocaine in violation of Title 21, Sections 846, 841(a)(1), and 841(b)(1)(A). D.E. 17. She seeks to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon the 2010 amendments to the crack cocaine Guidelines.

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) in cases like this one is extremely limited. Dillon v. United States, — U.S. —, 130 S. Ct. 2683, 2687 (2010).  It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Id. However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); see also Freeman v. United States, —U.S. —, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. Dillon, 130 S.Ct. at 2690–91.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of

the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Orozco-Hernandez seeks to apply must, therefore, be listed in that section. See, e.g., U.S. v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

The amendment at issue here was effective on August 3, 2010 and became retroactive on November 1, 2011. Notice of final action regarding amendment to Policy Statement § 1B1.10, effective November 1, 2011, 76 FR 41332-01, July 13, 2011.

The Court has reviewed Orozco-Hernadez' sentence under Amendment 750(c) and finds that it does not change her guideline calculation. Notably, the amendment did not affect the Drug Quantity Table for cocaine, only for cocaine base. Orozco-Hernandez pled guilty to possession with intent to distribute 6 kilograms of cocaine, not cocaine base. D.E. 17. Her Presentence Investigation Report calculated her base offense level to be 32 based upon 6 kilograms of cocaine. D.E. 14 at ¶ 11. That guideline did not change. Accordingly, this Court may not reduce Orozco-Hernandez' sentence.

Orozco-Hernandez' motion to reduce sentence (D.E. 21) is **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 19th day of January, 2012.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

2